```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

RENEE FORDE,                        :

                Plaintiff,          :   08 Civ. 3594 (RMB)(HP)

    -against-                       :   MEMORANDUM OPINION
                                        AND ORDER
OFFICER HANSON,                     :
et al.,
                                    :
                Defendants.
                                    :

-----------------------------------X
```

        PITMAN, United States Magistrate Judge:

        By notice of motion dated December 29, 2008 (Docket Item 11) plaintiff, who is incarcerated and awaiting removal from the United States, moves for pro bono counsel.[1]  For the reasons set forth below, the motion is denied.

        The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availabil-

---

[1] In a civil case, such as this, the Court cannot actually "appoint" counsel for a litigant.  Rather, in appropriate cases, the Court submits the case to a panel of volunteer attorneys. The members of the panel consider the case, and each decides whether he or she will volunteer to represent the plaintiff.  If no panel member agrees to represent the plaintiff, there is nothing more the Court can do.  See generally Mallard v. United States District Court, 490 U.S. 296 (1989).  Thus, even in cases where the Court finds it is appropriate to request volunteer counsel, there is no guarantee that counsel will actually volunteer to represent plaintiff.

ity of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1986). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id. Accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. April 26, 1996); see Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2003). As noted fifteen years ago by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174. See also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'").

> The Court of Appeals for the Second Circuit has
>
> stated in various ways the applicable standard for assessing the merits of a pro se litigant's claim. In Hodge [v. Police Officers, 802 F.2d 58 (2d Cir. 1986)], we noted that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and advised that a district judge should determine whether the pro se litigant's "position seems likely to be of substance," or showed "some chance of success." Hodge, 802 F.2d at 60-61 (internal quotation marks and citation omitted). In Cooper v. A. Sargenti Co., we reiterated the importance of requiring indigent litigants

2

>     seeking appointed counsel "to first pass the test of
>     likely merit."  877 F.2d 170, 173 (2d Cir. 1989) (per
>     curiam).

<u>Ferrelli v. River Manor Health Care Ctr.</u>, 323 F.3d 196, 204 (2d Cir. 2003).

Plaintiff's present application is deficient in several respects.  Although I am willing to assume that plaintiff lacks the financial resources to retain a private attorney, plaintiff does not describe any efforts on his own to secure <u>pro</u> <u>bono</u> counsel.  Although plaintiff is incarcerated in Florida and that fact, no doubt, makes it difficult for plaintiff to litigate his claims, the fact that plaintiff is incarcerated, without more, does not warrant the addition of a plaintiff's case to the Pro Bono Panel.  Most importantly, plaintiff has not shown that his claim has sufficient merit.  Plaintiff alleges that he was beaten by two corrections officers when he was incarcerated on Riker's Island in 2007.  According to the allegations in the complaint and the plaintiff's submissions in the current motion, the only witnesses to the alleged altercation were plaintiff and the two defendants.  Although I cannot and do not make any credibility determinations on the basis of the limited record currently before me, given the fact that plaintiff bears the burden of proving his claim and that plaintiff appears to be the sole source of evidence supporting his claim, he has not made a

sufficient showing of merit to warrant submission of his case to the Pro Bono Panel.

  Accordingly, plaintiff's motion (Docket Item 11) to have his case added to the list of cases circulated to the Pro Bono Panel is denied without prejudice to renewal. Any renewed motion should address the factors identified above.

Dated: New York, New York
    September 15, 2009

              SO ORDERED

              HENRY PITMAN
              United States Magistrate Judge

Copies mailed to:

Mr. Renee Forde
A. No. 097538379
I.D. No. 269302
Lee County Sheriff's
  Office Corrections Bureau
2115 Milk Boulevard
Fort Myers, Florida  33901

Brian Francola, Esq.
Assistant Corporation Counsel
City of New York
100 Church Street
New York, New York  10007

4